IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-23-680-D |
| (1) ELI JARJOURA, D.D.S., | ) ) ) |
| Defendant. | ) ) ) |

# COMPLAINT

Plaintiff, the United States of America ("United States"), on behalf of the United States Drug Enforcement Administration ("DEA"), by and through its undersigned counsel, brings this civil action against Eli Jarjoura, D.D.S., ("Dr. Jarjoura"). For its cause of action, the United States alleges as follows:

## Nature of the Case

1. This action arises under the Comprehensive Drug Abuse Prevention and Control Act of 1970, also known as the Controlled Substances Act ("CSA"), 21 U.S.C. § 801, *et seq*.

2. Dr. Jarjoura dispensed Schedule IV controlled substances to patients without a legitimate medical purpose and outside the course of usual professional practice, in violation of sections 829 and 842(a)(1) of the CSA.

3. The United States seeks to recover from Defendant civil penalties and other

1

legal and equitable remedies available.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345.

5. The Court has personal jurisdiction over Defendant because he resides in the Western District of Oklahoma. During the time relevant to this action, Dr. Jarjoura also maintained a DEA-registered address and regularly practiced dentistry in the Western District of Oklahoma.

6. Venue is proper in this Court because a substantial portion of the events giving rise to the claims described herein occurred within the Western District of Oklahoma. The Defendant also resides and practices dentistry in the Western District of Oklahoma. 28 U.S.C. § 1395(a).

## Parties

7. Plaintiff is the United States of America, on behalf of the United States Drug Enforcement Administration.

8. Defendant Dr. Jarjoura is an individual residing in Edmond, Oklahoma.

9. At all times relevant to this action, Dr. Jarjoura was licensed by the Oklahoma Board of Dentistry to practice dentistry in the State of Oklahoma. Dr. Jarjoura also was a DEA registrant having a registered address in Edmond, OK.

10. At all times relevant here, Dr. Jarjoura was registered with DEA to dispense

Schedule II, III, IV, and V controlled substances in Oklahoma.

## Controlled Substances

11. A "controlled substance" is "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V" of the CSA. 21 U.S.C. § 802(6).

12. The CSA establishes a classification system for prescription medications based on the potential for abuse, danger, and medicinal value of the drugs. 21 U.S.C. § 812.

13. Schedule IV controlled substances are those with a "currently accepted medical use in treatment in the United States" and "a low potential for abuse" relative to other drugs or substances. Abuse of Schedule IV controlled substances "may lead to limited physical dependence or psychological dependence" relative to other drugs or substances. 21 U.S.C. § 812(b)(4).

14. Alprazolam (Xanax®) and Triazolam (Halcion®) are Schedule IV controlled substances.

## Controlled Substances Act

15. Part C of the CSA governs the registration of manufacturers, distributors, and dispensers of controlled substances. 21 U.S.C. § 821, *et seq*.

16. Every person who dispenses or distributes, or who proposes to dispense or distribute, any controlled substance, must obtain a DEA registration issued in accordance with the CSA and the regulations promulgated thereunder. 21 U.S.C. § 822(a)(2).

17. To "dispense" means to "deliver a controlled substance to an ultimate user or research subject by, or pursuant to the lawful order of, a practitioner, including the prescribing and administering of a controlled substance." 21 U.S.C. § 802(10).

18. The term "practitioner" includes a dentist "licensed, registered, or otherwise permitted, by the United States or the jurisdiction in which he practices or does research, to distribute, dispense, conduct research with respect to, administer, or use in teaching or chemical analysis, a controlled substance in the course of professional practice or research." 21 U.S.C. § 802(21).

19. When a dentist writes a prescription, the dentist "dispenses" that substance for purposes of the CSA.

20. The CSA permits registrants to dispense controlled substances only to the extent authorized by their DEA registration and in conformity with the other provisions of the CSA and the regulations promulgated thereunder. 21 U.S.C. § 822(b).

**Civil Penalties Under the Controlled Substances Act**

21. Under Section 842(a)(1), any registrant who dispenses a controlled substance in violation of 21 U.S.C. § 829 is subject to a civil penalty for each infraction. 21 U.S.C. §§ 842(a)(1) & 842(c)(1)(A).

22. With limited exceptions not applicable here, Section 829(b) prohibits any person from dispensing Schedule IV controlled substances without a valid prescription from an authorized practitioner. 21 U.S.C. § 829(b).

23. To be valid, prescriptions for controlled substances, among other things, must be issued by an authorized practitioner, and must be "issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." 21 C.F.R. § 1306.04(a). *See also* 21 U.S.C. § 829(b); 21 C.F.R. §§ 1300.02(b), & 1306.03(a).

24. To be a valid prescription for a controlled substance the prescription also must be "dated as of, and signed on, the day when issued" and "bear the full name and address of the patient, the drug name, strength, dosage form, quantity prescribed, directions for use, and the name, address, and registration number of the practitioner." 21 C.F.R. § 1306.05(a).

25. The CSA holds DEA registrants dispensing controlled substances strictly liable for violations of section 842(a)(1). The CSA currently provides for civil penalties of up to $78,312 for each such violation of section 842(a)(1). 21 U.S.C. § 842(c). *See also* 28 C.F.R. § 85.5(a), Table 1 (Adjustments to "penalties assessed after January 30, 2023, whose associated violations occurred after November 2, 2015").

**Dr. Jarjoura Unlawfully Dispensed Schedule IV Controlled Substances**

26. Dr. Jarjoura practiced at Bright Smile Family Dentistry ("Bright Smile") during the time relevant here. Bright Smile has clinic locations in Edmond and Midwest City.

27. Dr. Jarjoura was subject to the requirements of the CSA because he was a

DEA registrant during the time relevant to this action.

28.    From 2019 to 2020, Dr. Jarjoura offered patients sedation dentistry for various procedures. Patients could elect conscious sedation through oral or intravenous medications.

29.    For patients electing oral conscious sedation, Jarjoura prescribed controlled substances. Jarjoura routinely issued two prescriptions to these patients—one for Alprazolam 0.5mg or 1mg tablets and another for Triazolam 0.25mg tablets. Jarjoura prescribed six tablets of each medication, for a total of twelve pills.

30.    Patients prescribed oral sedation medications were instructed by Jarjoura to take between one and two Alprazolam tablets and between one and two Triazolam tablets before their scheduled appointment. Jarjoura instructed these patients to bring the remaining tablets with them to their appointment.

31.    At Jarjoura's direction, Bright Smile employees seized the excess medications from these patients at their appointments and refused to return them.

32.    This conduct occurred from at least July 2019 to at least December 2020.

33.    There is no legitimate medical purpose, and it is outside the course of usual professional practice, to prescribe six Alprazolam 0.5mg or 1mg tablets in combination with six Triazolam 0.25mg tablets to a patient for one oral sedation dentistry encounter.

34.    None of Dr. Jarjoura's oral sedation patients required all twelve prescribed tablets in the course of Dr. Jarjoura's treatment.

35.    Ingesting three Alprazolam 0.5mg or 1mg tablets and three Triazolam

0.25mg tablets at one time creates a substantial risk of dangerously low respiration and death.

36. These controlled substance prescriptions issued by Dr. Jarjoura created a substantial risk of patient harm and diversion.

## FIRST CLAIM FOR RELIEF

### Violations of the CSA: Dispensing Without a Valid Prescription
### (21 U.S.C. § 842(a)(1))

37. The United States realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

38. From July 2019 to December 2020, Dr. Jarjoura issued at least sixty (60) prescriptions for Schedule IV controlled substances without a legitimate medical purpose.

39. From July 2019 to December 2020, Dr. Jarjoura issued at least sixty (60) prescriptions for Schedule IV controlled substances that were outside the course of usual professional practice.

40. By doing so, Dr. Jarjoura dispensed Schedule IV controlled substances in violation of the CSA at least sixty (60) times. 21 U.S.C. § 842(a)(1), 21 U.S.C. § 829(a) and 21 C.F.R. §§ 1306.04.

41. Under current law, Dr. Jarjoura is subject to a civil monetary penalty of up to $78,312 for each illegal dispensation. 21 U.S.C. § 842(c)(1)(A); 28 C.F.R. § 85.5(a), Table 1.

## **PRAYER FOR RELIEF**

Wherefore, the United States respectfully requests judgment be entered in its favor and against Defendant as follows:

a. Civil monetary penalties in accordance with 21 U.S.C. § 842(c) and 28 C.F.R. § 85.5;

b. All reasonable costs and disbursements associated with prosecuting this civil action, as provided by law; and

c. All other relief the Court deems just and proper.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

*s/ AMANDA R. JOHNSON*
AMANDA R. JOHNSON, OK Bar No. 32575
RONALD R. GALLEGOS, Bar No. 013227AZ
Assistant U.S. Attorneys
United States Attorney's Office
Western District of Oklahoma
210 Park Avenue, Suite 400
Oklahoma City, OK 73102
(405) 553-8700
Amanda.Johnson3@usdoj.gov
Ron.Gallegos@usdoj.gov

*Attorneys for the United States of America*