IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-680-D |
| ) | |
| ELI JARJOURA, D.D.S., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

Before the Court is The United States of America's Motion to Strike Defendant's Expert Witness List [Doc. No. 27]. The Court also addresses Defendant Eli Jarjoura's Daubert Motion to Exclude Certain Opinions of Bruce Horn [Doc. No. 33]. For the reasons set forth below, the former motion is denied. The latter is deferred.

### Background

This case arises out of a civil complaint filed by Plaintiff, the United States, alleging Defendant Eli Jarjoura, D.D.S. ("Dr. Jarjoura") dispensed Schedule IV controlled substances to patients without a legitimate medical purpose and outside the course of usual professional practice in violation of the Controlled Substances Act, 21 U.S.C §§ 829, 842(a)(1) [Doc. No. 1]. Plaintiff seeks statutory penalties.

On July 30, 2024, the Court issued an order extending pretrial deadlines [Doc. No. 13]. On November 4, 2024, Plaintiff filed its expert witness list [Doc. No. 18] in compliance with the Court's order.

1

Defendant was required to submit his final list of expert witnesses and serve any expert reports to Plaintiff by November 18, 2024. The parties agreed privately, in writing, to extend the deadline to November 22, 2024. Plaintiff did not, however, receive any report from Defendant concerning Defendant's expert at that time.[1]

Between November 26 and December 5, Plaintiff emailed Defendant's counsel three separate times and left a voice message concerning the missing report.

On December 6, 2024, Plaintiff avers that Defendant's counsel spoke with Plaintiff's counsel by phone. According to Plaintiff, Defendant's counsel alleged that certain discovery deficiencies prevented Defendant from providing the report. In an email, Plaintiff stated the government would seek to strike Defendant's expert.

On December 9, 2024, Defendant's counsel emailed Plaintiff. In that email, Defendant stated his opposition to the instant motion and asserted that discovery deficiencies would need to be resolved before Defendant could depose Plaintiff's witnesses.

Daubert and dispositive motions were due by January 3, 2025. Discovery is set to close February 5, 2025. Defendant timely filed a Daubert motion [Doc. No. 33]. Plaintiff filed a motion for partial summary judgment [Doc. No. 35].

**Analysis**

Fed. R. Civ. P. 26 provides "A party must make [ ] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Rule 37(c)(1) bars the use

---

[1] Defendant initially listed two expert witnesses on his witness list [Doc. No. 21], but has since agreed to withdraw Tammy L. Lambert, Pharm. D., Ph.D.

of a witness or information that was not disclosed as required by Rule 26(a), unless the offending party can carry the burden of establishing that the failure to comply with the Rule is either substantially justified or harmless. *Kern River Gas Transmission Co. v. 6.17 Acres*, 156 F. App'x 96, 101 (10th Cir. 2005); *Cohlmia v. Arden Health Services, LLC*, 254 F.R.D. 426, 429-430 (N.D. Okla 2008).

The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). "The decision to exclude evidence is a drastic sanction." *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997). The following factors are relevant: (1) prejudice or surprise to the party against whom the report is offered; (2) ability of the party to cure the prejudice; (3) extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Woodworkers Supply, Inc.*, 132 F.3d at 993.

In his response to the instant motion, Defendant does not justify failing to comply with the Court's deadline. Defendant instead argues that its prepared report was not sent to Plaintiff because the report responds to allegations filed by the Oklahoma State Board of Dentistry in a separate complaint [Def. Res. at 1, 5 of 9]. Defendant further argues that Plaintiff here refused to produce the complaint in that separate case [Def. Res. at 1 of 9], that Plaintiff failed to respond to "basic interrogatories" needed for the report [Def. Res. at 4-6 of 9], and, to cure the admitted prejudice to Plaintiff, Defendant "respectfully request[ed] this Court [ ] extend the deadline to provide an expert witness [ ] report…." [Def. Res. at 7 of 9].

3

In support of his argument, Defendant extensively cited Plaintiff's alleged discovery deficiencies [*see* Def. Res. at 2 of 9]. Defendant did not, however, attach an exhibit to his response. Without citations to an attached record, the Court is unable to address the merit of Defendant's argument. Furthermore, even if discovery progressed as Defendant argues, the Court should "not excuse non-compliance with Rule 26 by one party for the reason that the other party may not have fully complied with discovery requests," because a party's appropriate "recourse [is] a motion to compel." *Jacobson v. Deseret Book Co.*, 287 F.3d 936, 954 (10th Cir. 2002).

Rule 26(a)(2) requires that expert reports "contain a complete statement of all opinions to be expressed." Fed. R. Civ. P. 26(a)(2)(B). If, as Defendant contends, discovery deficiencies caused Defendant's expert to provide irrelevant information, a party is "under a continuing duty to supplement the expert report if there are additions or changes to what has been previously disclosed" (*Jacobson*, 287 F.3d at 951-52 (citing Fed. R. Civ. P. 26(a)(2)(C), 26(e)(1)))—a party should not, however, ignore deadlines altogether.

Balancing the four factors outlined in *Woodworkers Supply*, as well as the requested, drastic remedy of striking an expert witness, the Court finds that extending relevant deadlines is the more prudent course of action. Moreover, the trial date will likely already be extended because of Plaintiff's motion for partial summary judgment.

The United States of America's Motion to Strike Defendant's Expert Witness List [Doc. No. 27] is therefore **DENIED**. Still, despite the denial of Plaintiff's motion, the Court

4

does not take Defendant's noncompliance with relevant deadlines lightly.[2]

**IT IS THEREFORE ORDERED** that Defendant will deliver his expert report to Plaintiff within seven days of this order, or by January 28, 2025. Defendant is further directed to give notice to the Court when the report is furnished to Plaintiff. Defendant Eli Jarjoura's Daubert Motion to Exclude Certain Opinions of Bruce Horn [Doc. No. 33] is **DEFERRED** until the Court rules on the United States of America's Motion for Partial Summary Judgment with Brief in Support [Doc. No. 35].

**IT IS SO ORDERED** this 21st day of January 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] Failure to comply with the deadlines set forth herein may subject Defendant to appropriate sanctions.