## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,       )
                                     )

     Plaintiff,                    )
                                     )

v.                                   )     Case No. CIV-23-680-D
                                     )

ELI JARJOURA, D.D.S.,          )
                                     )

     Defendant.                 )

## ORDER

Before the Court is The United States of America's Motion to Preclude the Use of Evidence or, in the Alternative, to Compel Production of Evidence Pursuant to Federal Rule of Civil Procedure 37(c) [Doc. No. 46]. Plaintiff asks the Court to sanction Defendant under Fed. R. Civ. P. 37(c), preventing him from using certain undisclosed financial information in future motions, hearings, or at trial. In the alternative, Plaintiff asks the Court to compel production of the undisclosed information and reopen discovery for 45 days to allow Plaintiff to depose Defendant a second time. For the following reasons, the former request is denied; the latter is granted.

### Background

This case arises out of a civil complaint filed by Plaintiff, the United States, alleging Defendant Eli Jarjoura, D.D.S., dispensed Schedule IV controlled substances to patients without a legitimate medical purpose and outside the course of usual professional practice in violation of the Controlled Substances Act, 21 U.S.C. § 829, 842(a)(1) [Doc. No. 1]. Plaintiff seeks statutory penalties under 21 U.S.C. § 842(a)(1), (c).

1

During discovery, Plaintiff requested documents related to Defendant's financial ability to pay. Defendant objected, stating the request was disproportionate to the needs of the case and not likely to result in relevant or admissible evidence. Ten months later, despite both telephonic and in-person conferences, Defendant did not produce responsive documents.

**Analysis**

When "determining monetary penalties under § 824(c), [the Controlled Substances Act,] district courts have frequently considered four factors: … [including] … (4) *defendant's ability to pay a penalty*." *Advance Pharm., Inc. v. United States*, 391 F.3d 377 (2d Cir. 2004) (emphasis added) (citing district court orders); *accord United States v. Bradshaw*, No. CIV-23-00546-JD, 2024 WL 4521387 (W.D. Okla. Oct. 17, 2024).

In his response to the instant motion, Defendant argues his delay in producing the requested documents did "not rise to a violation of Rule 26(a)[.]" In support, he argues any response was predicated on Plaintiff's stating the specific amount of civil penalties sought. He also argues that Plaintiff is not prejudiced by his delay because he already testified to a general inability to pay, and he may still provide the documents.  *See* [Res. Mot. Doc. No. 47].

Because Defendant's ability to pay is pertinent to any remedy Plaintiff may obtain in this action, the Court is not persuaded by Defendant's objections. Information relevant to Defendant's finances lies comfortably within the bounds of Rule 26.

The Court must therefore determine the appropriate remedy. Fed. R. Civ. P. 37(c)(1) provides:

"If a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

To determine if Defendant's actions were substantially justified or harmless, the Court looks to four factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).[1]

Weighing in favor of finding Defendant's actions harmless, any resulting prejudice may be cured if the Court grants Plaintiff's alternative request, compelling disclosure and reopening discovery for 45 days. Furthermore, granting Plaintiff's alternative request would not disrupt trial; the Court has already stricken pretrial filing deadlines until after determination of Plaintiff's pending motion for partial summary judgment. *See* Order [Doc. No. 49].

Weighing against such a finding, Plaintiff served the discovery requests ten months prior to Defendant's ultimate noncompliance. Furthermore, the specter of sanctions was already broached in a previous order addressing Defendant's actions in this case. *See* Order

---

[1] The decision to impose sanctions falls within the "broad discretion of the district court." *Id.* at 993 (10th Cir. 1999) (citations omitted). Furthermore, "the correct sanction is a fact specific inquiry that the district court is in the best position to make." *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995).

[Doc. No. 38. at p.5 n.2] ("Failure to comply with the deadlines set forth herein may subject Defendant to appropriate sanctions.").

Although a close call, weighing the above-listed factors, and keeping in mind that granting Plaintiff's alternative request would cure existing prejudice, the Court finds Defendant's noncompliance harmless at this time.

The Court also, however, finds sanctioning Defendant appropriate under Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) states:

> "In addition to or instead of … [preventing a noncompliant party from using undisclosed information], the court, on motion and after giving an opportunity to be heard:
>
> > (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure[.]"

Moreover, because the Court is granting Plaintiff's alternative request and compelling Defendant to produce the requested documents, Fed. R. Civ. P. 37(a)(5)(A) is implicated. Rule 37(a)(5)(A) requires the Court to order that "the party or deponent whose conduct necessitated the motion [to compel], the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

**IT IS THEREFORE ORDERED** that The United States of America's Motion to Preclude the Use of Evidence or, in the Alternative, to Compel Production of Evidence Pursuant to Federal Rule of Civil Procedure 37(c) [Doc. No. 46] is **GRANTED** in part and **DENIED** in part. Discovery is reopened for 45 days to allow Plaintiff to depose Defendant

4

a second time; Defendant must further disclose financial documents in response to Plaintiff's request for production related to his ability to pay civil penalties.

**IT IS FURTHER ORDERED** that Plaintiff may recover reasonable costs and attorney fees incurred in making the instant motion upon separate application filed within 14 days from the date of this Order pursuant to Fed. R. Civ. P. 37(c)(1)(A) and Fed. R. Civ. P. 37(a)(5)(A).

**IT IS SO ORDERED** this 28th day of April 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge